## In re FRANK MEADOR BUICK, INC., Debtor.

### Bankruptcy No. 7–80–00436.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

May 27, 1983.

David A. Furrow, Rocky Mount, Va., for debtor.

Jonathan M. Apgar, Salem, Va., for Ray C. Dobbins.

M. Lanier Woodrum, Roanoke, Va., for J.A. Meador.

J.D. Logan, III, Roanoke, Va., for L.O. Brown, Jr.

F.G. Hertz, Tax Div., U.S. Dept. of Justice, Washington, D.C. and Thomas R. King, Jr., Asst. U.S. Atty., Roanoke, Va., for I.R.S.

G. Franklin Flippen, Roanoke, Va., for United Virginia Bank.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This case is before the Court for consideration of the following: (1) Motion of James A. Meador, a secured creditor, to compel marshalling of assets; and (2) final distribution of the remaining assets of Frank Meador Buick, Inc. currently held in escrow.

Frank Meador Buick, Inc. (Debtor herein) filed a voluntary Chapter 11 petition in this Court on April 23, 1980. An Order was entered on December 18, 1980 confirming Debtor's proposed plan of reorganization. In June of 1982, the Debtor's assets were sold free and clear of liens; the proceeds from this sale were impressed with all liens and placed in an interest bearing escrow account pending further order of the Court.

After notice and hearing of the proposed distribution of the sales proceeds, the Court ordered disbursement on September 27, 1982 to the credit of United Virginia Bank (UVB) the sum of $24,257.27, in full satisfaction of their secured claim. By the same Order, the Court allowed the claim of James A. Meador as a secured claim in the amount of $12,396.09 and ordered disbursement of said sum to his credit. This amount represented the balance remaining of the value of the collateral on which he had a lien secondary to the lien of UVB. The balance of James A. Meador's claim was allowed as unsecured. The remaining funds were ordered held in escrow until administrative expenses could be fixed.

On October 4, 1982, counsel for James A. Meador filed a Motion to compel marshalling of Debtor's assets, requesting the UVB be paid first out of any funds resulting from the liquidation of the dealer holdback in which it had a security interest before it is paid out of funds resulting from the liquidation of the new parts inventory in which James A. Meador holds a junior lien.

Marshalling is an equitable doctrine historically developed and traditionally used to prevent a junior lienholder with a security interest in a single property from being squeezed out by a senior lienholder with security interests not only in that property, but in one or more additional properties. The doctrine requires the senior lienholder to first resort to the assets free of the junior lien to avoid the inequity which would result from the unnecessary elimination of the junior lienholder's security with the increased likelihood that the junior creditor will be unable to satisfy his claim. *Shedoudy v. Beverly Surgical Supply Co.,* 100 Cal.App.3d 730, 161 Cal.Rptr. 164 (1980). Before a marshalling order may be imposed, four basic requirements must be met: (1) there must be two or more funds; (2) only one of the creditors may have the right to resort to both funds; (3)

there must be an absence of prejudice to the senior lienholder; and (4) the imposition of marshalling must avoid injustice to third parties. *Victor Gruen Associates v. Glass,* 338 F.2d 826 (9th Cir.1964).

Unlike the claim of UVB, James A. Meador's status as a secured creditor arose post-petition and was not granted a super-priority status by the Court. At the time Mr. Meador obtained his security interest in the new parts inventory of the Debtor, all of the assets of the Debtor's estate were charged with administrative expenses. The holders of the administrative expense claims are prejudiced when assets belonging to the estate are lost as a result of a marshalling order. For this reason, the Motion to compel marshalling is hereby ORDERED denied.

The remaining funds on escrow (including principal and interest to date) total $40,-599.89 and are insufficient to pay the priority expenses claimed and set out hereafter. The escrow agent is ORDERED to disburse forthwith the following sums:

(A) $25.75 to the U.S. Bankruptcy Court for excess postage;

(B) $1075.00 to IRS for costs incurred in obtaining appraisal of Debtor's inventory at the direction of the Court;

(C) $3778.40 to James F. Douthat, Esq., the balance remaining unpaid from fees and costs awarded by the Court on September 11, 1981;

(D) $3798.59 to the law firm of Woodward, Fox, Wooten and Hart, P.C., the balance unpaid from the award of fees and costs by the Court on March 3, 1982;

(E) $1095.00 to the law firm of Hutcherson & Rhodes, Ltd.; this amount is hereby allowed as reasonable pursuant to 11 U.S.C. § 330;[1]

(F) $315.00 to James Hennegar for post-petition wages incurred and unpaid in the ordinary course of Debtor's business;

The following actual and necessary administrative expenses have been allowed as

filed and the escrow agent is directed to disburse the sums designated which have been computed on a pro-rata basis:

| Creditor | Claim Allowed | Amount to be disbursed |
|---|---|---|
| Ray Dobbins | $ 60,830.54 | $13,178.08 |
| L. O. Brown | $ 12,937.98 | $ 2,802.83 |
| Internal Revenue Service | $ 57,877.55 | $12,538.35 |
| Virginia Employment Comm. | $ 779.60 | $ 168.69 |
| Houck Advertising | $ 8,000.00 | $ 1,733.09 |
| Shenandoah Tire | $ 276.10 | $ 59.81 |
| Air Products | $ 143.56 | $ 31.10 |

Any sums which may be paid in the future to Frank Meador Buick, Inc. from finance reserve accounts will be disbursed on a pro-rata basis to those administrative expense creditors whose claims have not been fully satisfied.

As the assets of the Debtor are insufficient to pay the administrative expenses, there are no funds remaining for distribution to pre-petition wage claims or general unsecured creditors.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to the Debtor, counsel of record and the pre-petition wage claimants.

1. See *In re Callister,* 5 C.B.C.2d 1058, 8 B.C.D. 446, 15 B.R. 521 (Bkrtcy.1981), appeal dismissed 673 F.2d 305 (10 Cir.1982).